IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
MAY 17 2012
PATRICK E. DUFFY CLERK
BY_____
Deputy Clerk

| | |
|---|---|
| BRENDA BERG,<br><br>Plaintiff,<br><br>vs.<br><br>BILLINGS POLICE DEPARTMENT, CITY OF BILLINGS, YELLOWSTONE COUNTY, and BRAD TUCKER,<br><br>Defendant. | Cause No. CV 12-63-BLG-RFC<br><br>ORDER OF REMAND |

This matter comes before the Court on Defendants Billings Police Department, City of Billings, and Brad Tucker's Notice of Removal based upon the removal statute, 28 U.S.C. § 1441. (Dkt. 1). This statute provides that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Original jurisdiction may be based on the existence of a federal question or complete diversity of the parties, as set forth in 28 U.S.C. §§ 1331 and 1332.

Strict construal of the remand statutes means that any doubt about the right

of removal requires resolution in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal means that the defendant always has the burden of establishing that removal is proper.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009) (federal question on which jurisdiction is based must be disclosed on the face of the complaint). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed. Jurisdiction is based on the complaint as originally filed . . . " O'Halloran v. University of Washington, 856 F.2d 1375, 1379 (9th Cir. 1988)(quoting Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979)(internal quotations omitted).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." United Investors

Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

There is no basis for subject matter jurisdiction in Ms. Berg's Complaint. While she makes allegations of conspiracy, violation of due process, harassment, false arrest, illegal search, and violations of her civil and constitutional rights, there is no indication that these claims are brought under any federal statute or the federal constitution. Defendants assert that, "the Complaint alleges violations of constitutional rights under the Fourth and potentially Fourteenth Amendments to the United States Constitution." (Dkt. 1, p. 3, ¶ 4). However, there is no mention of any amendment to the United States Constitution in the Complaint. In fact, in the Jurisdiction paragraph of the Complaint, Plaintiff indicates Defendants are bound by "the laws of the State of Montana." (Dkt. 1-1, p. 1). She does not mention federal law. Because no federal question is presented on the face of the Complaint, Defendants' removal fails

There being no basis for subject matter jurisdiction, this matter is remanded to the Montana Thirteenth Judicial District Court, Yellowstone County. The Clerk of Court is directed to send a certified copy of this Order of Remand to the Clerk of Court for Yellowstone County, Montana.

DATED this 17th day of May, 2012.

Richard F. Cebull, Chief Judge
United States District Judge